**CV 17 - 5725**

**DEARIE, J.**

**REYES, M.J.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION, :
                                                            :
                            Plaintiff,                      :   17 Civ.      (    )
                                                            :
            - against -                                     :   ECF Case
                                                            :
RECOIN GROUP FOUNDATION, LLC, DRC                           :
WORLD INC. a/k/a DIAMOND RESERVE CLUB,                      :
and MAKSIM ZASLAVSKIY,                                      :
                                                            :
                            Defendants.                     :
-------------------------------------------------------------x

FILED CLERK 2017 SEP 29 PM 2:26 U.S. DISTRICT COURT EASTERN DISTRICT OF NEW YORK

## LOCAL RULE 6.1 DECLARATION OF JORGE G. TENREIRO IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR EMERGENCY RELIEF

I, Jorge G. Tenreiro, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a member of the bar of the State of New York and of the United States District Court for the Eastern District of New York. I am employed by Plaintiff Securities and Exchange Commission (the "Commission") in its New York Regional Office as an attorney in the Enforcement Division.

2. I make this declaration (a) pursuant to Local Civil Rule 6.1(d) to show that good and sufficient reason exists for bringing this matter before the Court by an *ex parte* application and order to show cause rather than by notice of motion and (b) in support of Plaintiff's *Ex Parte* Emergency Application for an Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief (the "Application").

3. No previous application for the relief requested herein or any similar relief has been made.

4. The Commission makes this emergency *ex parte* application by order to show cause primarily to halt an ongoing fraud perpetrated on members of the public at large through the sale of unregistered securities and to prevent Defendants from transferring to foreign accounts or otherwise dissipating the proceeds of their fraud.

5. The Commission's Application seeks an Order:

(a) Directing Defendants REcoin Group Foundation, LLC ("REcoin"), DRC World, Inc. a/k/a Diamond Reserve Club ("Diamond") and Maksim Zaslavskiy ("Zaslavskiy") (collectively, "Defendants") to show cause why an order should not be entered, pending a final disposition of this action:

(i) preliminarily enjoining Defendants from violating Sections 17(a) of the Securities Act of 1933 ("Securities Act"), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 issued thereunder, and from participating in any offerings of unregistered securities or otherwise violating Sections 5(a) and 5(c) of the Securities Act;

(ii) freezing Defendants' assets;

(iii) ordering Defendants to repatriate all funds, assets, or other property held in foreign locations in their name, or for their benefit or under their direct or indirect control, or over which Defendants exercise control or signatory authority by transferring to the registry of this Court all such assets, funds, and other property; and

    (iv) prohibiting Defendants from destroying, altering, or concealing documents in their possession, custody, or control, including documents concerning the allegations in the Complaint or the assets or finances of Defendants;

(b) Pending adjudication of the relief described in paragraph 5(a) above, an order:

    (i) temporarily restraining Defendants from violating the aforementioned statutes and rules;

    (ii) temporarily freezing Defendants' assets;

    (iii) temporarily ordering Defendants to repatriate all funds, assets, or other property held in foreign locations in their name, or for their benefit or under their direct or indirect control, or over which Defendants exercise control or signatory authority by transferring to the registry of this Court all such assets, funds, and other property;

    (iv) temporarily prohibiting Defendants from destroying, altering, or concealing documents in their possession, custody, or control, including documents concerning the allegations in the Complaint or the assets or finances of Defendants;

    (v) providing that the Commission and Defendants may take expedited discovery in preparation for a hearing on this Order to Show Cause;

    (vi) directing Defendants to provide a full verified accounting of assets immediately; and

    (vii) issuing a Writ of <u>Ne Exeat</u> and Ordering Surrender of Passport against Defendant Zaslavskiy until five days after he has provided the

Commission with a sworn accounting and repatriated assets located in foreign locations that he controls.

6. The Commission makes its Application *ex parte* by order to show cause to (i) preserve the status quo pending adjudication of the Application; (ii) ensure that any future judgment of this Court for disgorgement, prejudgment interest and monetary penalties is not rendered meaningless; (iii) halt any ongoing violations of the federal securities laws; (iv) protect this Court's jurisdiction over the subject matter of this action; and (v) prevent the destruction of evidence. The Commission believes that proceeding by notice of motion may jeopardize the Court's ability to grant full and effective relief both on this Application and on the merits of the Commission's Complaint.

7. In addition to personal knowledge, I base this declaration on the concurrently-filed Declaration of Valerie A. Szczepanik with exhibits ("Szczepanik Declaration").

8. As alleged in the Complaint filed by the Commission dated September 29, 2017 ("Complaint"), the Szczepanik Declaration, and Plaintiff's Memorandum of Law in Support of Its Emergency Application for an Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief, dated September 29, 2017 ("Memorandum of Law"), Defendants have committed and are committing securities fraud and engaging in the offering of unregistered securities by making various material misrepresentations and engaging in various deceptive acts relating to supposed investments in digital "tokens" or "coins."

9. Specifically, as set forth in the Complaint, the Szczepanik Declaration, and the Memorandum of Law, Defendants have raised and are continuing to raise funds from members of the public at large, through solicitations distributed via the Internet, in connection with so-called "Initial Coin Offerings" ("ICOs") by REcoin and Diamond. Defendants are falsely

representing to investors that if investors invest during these ICOs investors will obtain in exchange either digital currency or digital "tokens" (nominally, certificates issued to holders on a "blockchain" or cryptographically secured ledger that may entitle its holders to certain rights related to a venture underlying the ICOs) which may appreciate in value based on Defendants' and others' supposed management efforts in connection with the underlying investment and other activities of REcoin and Diamond. Defendants have touted these tokens by the foregoing and other material misrepresentations, including misrepresentations about the size of the demand for the tokens, about the assets purportedly purchased or being purchased with the tokens and securing the investments, about the supposed "teams" of "experts" assembled to manage the investments, and about the use of "blockchain" and other technology.

10. Moreover, the Diamond ICO is ongoing. As of this morning, the REcoin website was still live, and the Diamond ICO was still live and accepting payments from purchasers via credit card or digital currency. Accordingly, unless Defendants are temporarily restrained and enjoined, they will continue to violate the antifraud provisions of the federal securities laws and will continue to engage in illegal unregistered securities offerings. Because of the substantial and ongoing harm to investors at large that would result from Defendants' continued fraudulent conduct, it is necessary for the Commission to seek the relief requested in the Application by way of order to show cause.

11. Defendant Zaslavskiy has stated under oath that he has raised approximately $300,000 from the ICOs and although he avers that some refunds have been issued, he has provided no proof of these refunds and he admits that at least $100,000 remains outstanding.

12. Defendant Zaslavskiy also avers extensive contacts abroad, including that all of the individuals he has hired to work for REcoin or Diamond at various points reside in India or

Ukraine, and that potential investors he has supposedly identified for the ventures reside in Ukraine (though he claims to be unable to contact them electronically or via telephone and must travel there in order to meet with them). Defendant Zaslavskiy has also admitted to extensive travel abroad, including multiple trips to Russia and Ukraine in the last year, and expressed a desire to travel abroad for an extended period of time in the coming days.

13. Finally, Defendant Zaslavskiy has resisted responding to administrative subpoenas issued by the staff of the Commission for documents and communications relating to this matter, including failing to respond to a subpoena that required him to produce documents by September 25, 2017. See Szczepanik Decl. at ¶ 57 & Ex. BB.

14. Accordingly, to prevent further injury to investors at large, to preserve the status quo, and to prevent the dissipation of assets, the Commission seeks emergency relief freezing Defendants' assets, ordering Defendants to repatriate assets, prohibiting Defendants from destroying or fabricating documents, providing for expedited discovery, directing Defendants to provide a full and verified accounting of assets received from investors, and ordering Defendant Zaslavskiy to surrender his passport and prohibiting from traveling abroad while he complies with the order to repatriate assets and to provide a verified accounting.

15. The Commission makes this Application *ex parte* by order to show cause because there is a grave risk, if the Commission provides Defendants with notice of its Application, that they will immediately transfer assets to accounts outside the United States, beyond the Court's and the Commission's reach, to leave the United States, or both, to avoid having to pay any final judgment that includes monetary relief.

16. For the reasons set forth above and in the accompanying papers and exhibits, I respectfully request that the Court grant the requested emergency relief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       September 29, 2017

_____
Jorge Tenreiro