

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

### In the Matter of RECoin, NY-9743

To: RECoin
Maksim Zaslavskiy
███████████

☑ **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date, and time specified below.

**ENF-CPU, United States Securities and Exchange Commission, F St., N.E., Mailstop 5973, Washington, DC 20549-5973, or ENF-CPU@sec.gov, September 25, 2017, at 9:00 a.m.**

☑ **YOU MUST TESTIFY** before officers of the Securities and Exchange Commission, at the place, date, and time specified below.

**Securities and Exchange Commission, New York Regional Office, 200 Vesey Street Suite 400, New York, N.Y. 10281, October 6, 2017 at 9:00 a.m.**

### FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.

If you do not comply with this subpoena, the SEC may bring an action in Federal Court to enforce this subpoena. Failure to comply with a court order enforcing this subpoena may result in the court imposing a fine, imprisonment, or both.

By: _____   Date: September 14, 2017
    Jorge G. Tenreiro, Counsel

I am an officer of the Securities and Exchange Commission authorized to issue subpoenas in this matter. The Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934.

---

NOTICE TO WITNESS:    If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

ATTACHMENT TO SUBPOENA ISSUED TO
RECoin
<u>IN THE MATTER OF RECOIN, NY-9743</u>

September 14, 2017

A.  **DEFINITIONS**

1.  "**Document**" includes any written, printed, or typed matter including, but not limited to agreements and amendments thereto, letters and correspondence, electronic mail, instant messages, text messages, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voice mails, tape recordings, notices, instructions, minutes, summaries, notes of meetings, purchase orders, information recorded by photographic process, including microfilm and microfiche, computer printouts, computer files, spreadsheets, websites, information posted on social networking sites, or other electronically stored information stored in any medium from which information can be retrieved, obtained, manipulated, or translated (including computer hard drives, servers, compact discs or other removable media, archives, and backup tapes).

2.  "**Communication**" means and includes, without limitation, any and all written, oral, telephonic, electronic, or other utterances of any nature whatsoever, shared, shown, transferred between or among any two or more persons or entities, including, but not limited to, correspondence, memoranda, notes, e-mail, instant messages, chat, discussion forums, telephone conversations, and other conversations, conferences or meetings, statements, inquiries, discussions, dialogues, consultations, negotiations, agreements, understandings, meetings, letters, notations, telegrams, advertisements, or interviews.

3.  "**RECoin**" means **RECoin**, and any of its parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, partners, and independent contractors, as well as aliases, code names, trade names, or business names used by, or formerly used by, any of the foregoing.

4.  "**You**" means the person and entity to whom this subpoena was issued.

5.  Reference to a person shall also include that person's trusts, affiliates, employees, agents, partners, and independent contractors, as well as aliases, code names, trade names, or business names used by, or formerly used by, any of the foregoing.

6.  Reference to an entity shall also include that entity's parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, partners, and independent contractors, as well as aliases, code names, trade names, or business names used by, or formerly used by, any of the foregoing.

7.  Documents or communications "relating to," "relate to," "regarding," or "concerning" a given subject matter means any document or communication that constitutes, contains, embodies, comprises, reflects, identifies, states, alludes to, refers to, deals with, comments on, responds to, describes, analyzes, or is in any way pertinent to that subject, including, but not limited to, documents concerning the presentation of other documents.

8. To "**identify**" a person or entity means to provide that person's or entity's full legal name, nicknames, residential address(es), business address(es), nationality, telephone number(s), e-mail address(es), and state of incorporation, if applicable.

9. To the extent necessary to bring within the scope of this request any information or documents that might otherwise be construed to be outside its scope:

    (a)   the word "or" means "and/or";

    (b)   the word "and" means "and/or";

    (c)   the functional words "each," "every" "any" and "all" shall each be deemed to include each of the other functional words;

    (d)   any gender pronouns used should be read expansively to include both male and female pronouns;

    (e)   the singular includes the plural and the plural includes the singular;

    (f)   the words "including" and "includes" mean "without limitation"; and

    (g)   the past tense includes the present tense and vice versa.

10. Unless otherwise stated, produce documents dated, written, generated, received, or existing during the period from **January 1, 2016, through the Present** (the "Subpoena Period").

## B. INSTRUCTIONS

1. You must produce all documents and communications sought in this subpoena that are in your possession or control, be it actual or constructive, including but not limited to your documents and communications that are in the possession of any third-party vendor.

2. Unless otherwise specified, this subpoena calls for production of the original documents and all copies and drafts of same. You may provide original documents or copies of original documents, at your expense, with the understanding that the staff has the right to compel production of the original documents at a later date. The Commission cannot reimburse you for the copying costs. If you are sending copies, the staff requests that you scan (rather than photocopy) hard copy documents. All electronic documents responsive to the document request, including all metadata, must also be secured and retained in their native software format and stored in a safe place. The staff may later request or require that you produce the native format. **All electronic productions must comply with the Commission's Data Delivery Standards (attached).**

3. Whether you scan or photocopy documents, the copies must be identical to the originals, including even faint marks or print. Also, please note that if copies of a document differ in any way, they are considered separate documents and you must send each one. For example, if you have two copies of the same letter, but only one of them has handwritten notes on it, you must send both the clean copy and the one with notes.

4. All documents must be produced in the manner in which they were maintained. For example, if documents are maintained loose in a file folder, the documents are to be produced in that same manner and not reorganized and/or put into a binder. On the other hand, if documents are

maintained in a binder, the documents are to be produced in the same manner. Produce the entirety of each and every document described below, without alteration, deletion or obliteration of any information contained therein, even though such information is not specifically requested.

5. If any of the documents called for are not produced, for whatever reason, submit a list of the documents not produced and state for each document:

   (a) the identity and position of the creator(s);

   (b) the creation date;

   (c) its present or last known custodian;

   (d) a brief description, including the subject matter;

   (e) the identity and position of all persons or entities known to have been furnished the document or a copy of the document, or informed of its substance

   (f) the reason the document is not being produced;

   (g) the specific request in **Paragraph C** to which the document relates;

   (h) in the case of a claim of attorney-client privilege, the attorney(s) and the client(s) involved; and

   (i) in the case of a claim of the work product doctrine, the litigation for which the document was prepared in anticipation and the first date that the subject litigation was anticipated.

   Additionally, if the document is no longer in existence, please state the actual or approximate date it ceased to exist, the circumstances under which it ceased to exist, and the identity of all persons having knowledge of the circumstances under which it ceased to exist or having knowledge of the contents thereof.

6. All documents produced **must** be legible.

7. **Documents should be labeled with sequential numbering (*i.e.*, bates-stamped).**

8. For business records, provide a certification from the custodian of records or other qualified person that the documents produced are records of regularly conducted business activities (see **attached exemplar**).

C. **REQUIRED DOCUMENTS**

   1. All Communications between You and any actual or potential purchaser of any digital token or coin sold by RECoin during the Relevant Period.

   2. All Documents relating to any Communications between You and any actual or potential purchase of any digital token or coin sold by RECoin during the Relevant Period.

3

3. All Documents and Communications relating to RECoin's use of proceeds from any sales of any digital token or coins, including but not limited to Documents and Communications relating to investments in real estate, purchases of diamonds or other minerals or precious metals, or purchases of any commodities.

4. All Documents and Communications relating to any item, property or thing that will serve as backing for any digital token or coin sold by RECoin.

5. All addresses used to transfer any digital asset, including any virtual currency, or other token or coin, used to purchase any digital token or coin sold by RECoin during the Relevant Period, including all addresses from which that asset was sent or to which any portion of that asset may have been subsequently transferred.

6. All Documents and Communications relating to any potential or planned use by purchasers of any digital token or coin sold by RECoin during the Relevant Period, including but not limited Documents and Communications relating to potential software or code being developed by RECoin related to any such digital token or coin.

7. All Documents and Communications relating to any rights given to or held by purchasers of any digital token or coin sold by RECoin during the Relevant Period.

8. All Documents and Communications relating to secondary trading of any digital token or coin sold by RECoin during the Relevant Period, including but not limited Documents and Communications with actual or potential purchasers or with any exchange.

9. All Documents and Communications relating to potential or actual redemptions of digital tokens or coins sold by RECoin, by any actual or potential purchasers of those tokens or coins.

10. All Documents and Communications relating to potential or actual repurchases of digital tokens or coins sold by RECoin, from any actual or potential purchasers of those tokens or coins.