UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,   :
                                     :
                         Plaintiff,  :     17 Civ. 5725 (RJD) (RER)
                                     :
              - against -            :
                                     :
RECOIN GROUP FOUNDATION, LLC, DRC    :
WORLD INC. a/k/a DIAMOND RESERVE CLUB, :
and MAKSIM ZASLAVSKIY,               :
                                     :
                         Defendants. :
------------------------------------------------------------------x

## ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING ORDER, AND ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF

On the Emergency Application (the "Application") of Plaintiff Securities and Exchange Commission (the "Commission") for an order:

(1)    Directing Defendants REcoin Group Foundation, LLC ("REcoin"), DRC World, Inc. a/k/a Diamond Reserve Club ("Diamond") and Maksim Zaslavskiy ("Zaslavskiy") (collectively, "Defendants") to show cause why an order should not be entered, pending a final disposition of this action:

(a) Preliminarily enjoining Defendants from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 issued thereunder [17 C.F.R. § 240.10b-5], and from participating in any offerings of unregistered securities or otherwise violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a), 77e(c)];

(b) Freezing Defendants' assets;

  (c) Ordering Defendants to repatriate all funds, assets, or other property held in foreign locations in their name, or for their benefit or under their direct or indirect control, or over which Defendants exercise control or signatory authority by transferring to the registry of this Court all such assets, funds, and other property; and

  (d) Prohibiting Defendants from destroying, altering, or concealing documents in their possession, custody, or control, including documents concerning the allegations in the Complaint or the assets or finances of Defendants;

(2) Pending adjudication of the relief described in paragraph (1) above, an order:

 (a) Temporarily restraining Defendants from violating the aforementioned statutes and rules;

 (b) Temporarily freezing Defendants' assets;

 (c) Temporarily ordering Defendants to repatriate all funds, assets, or other property held in foreign locations in their name, or for their benefit or under their direct or indirect control, or over which Defendants exercise control or signatory authority by transferring to the registry of this Court all such assets, funds, and other property;

 (d) Temporarily prohibiting Defendants from destroying, altering, or concealing documents in their possession, custody, or control, including documents concerning the allegations in the Complaint or the assets or finances of Defendants;

 (e) Providing that the Commission may take expedited discovery in preparation for a hearing on this Order to Show Cause;

    (f) Directing Defendants to provide a full verified accounting of assets within three (3) business days, or within such extension of time as the Commission staff agrees to; and

    (g) Issuing a Writ of <u>Ne</u> <u>Exeat</u> and Surrender of Passport against Defendant Zaslavskiy until five days after he has provided the Commission with a sworn accounting and repatriated assets located overseas that he controls.

The Court has considered: (1) the Complaint filed by the Commission on September 29, 2017; (2) the Local Rule 6.1 Declaration of Jorge G. Tenreiro executed on September 29, 2017; (3) the Declaration of Valerie A. Szczepanik executed on September 29, 2017, and the exhibits thereto; and (4) the Commission's Memorandum of Law in Support of Its *Ex Parte* Emergency Application for an Order to Show Cause, Temporary Restraining Order, and Other Relief, dated September 29, 2017.

Based upon the foregoing documents, the Court finds that a proper showing, as required by Section 20(b) of the Securities Act, Section 21(d) of the Exchange Act, and Rule 65 of the Federal Rules of Civil Procedure, has been made for the relief granted herein, for the following reasons:

    1.    It appears from the evidence presented that Defendants have violated Sections 17(a)(1)-(3) of the Securities Act, Section 10(b) of the Exchange and Rules 10b-5(a)-(c) thereunder, have engaged in the offering of unregistered securities and have violated Sections 5(a) and 5(c) of the Securities Act, and it appears likely that the Commission will prevail on the merits of its claims under these provisions.

2. It appears that an order freezing Defendants' assets, as specified herein, is necessary to preserve the status quo and to protect the Court's ability to award relief in the form of disgorgement of ill-gotten gains, prejudgment interest and civil penalties.

3. It appears that an order requiring REcoin and Diamond to repatriate all funds, assets, or other property held in foreign locations in their names, or for their benefit or under their direct or indirect control, or over which REcoin or Diamond exercise control or signatory authority is necessary to preserve the status quo and to protect the Court's ability to award relief in the form of disgorgement of ill-gotten gains, prejudgment interest and civil penalties.

4. It appears that an order requiring Zaslavskiy to repatriate all funds, assets, or other property derived from REcoin or Diamond and held in foreign locations in his name, or for his benefit or under his direct or indirect control, or over which Zaslavskiy exercises control or signatory authority is necessary to preserve the status quo and to protect the Court's ability to award relief in the form of disgorgement of ill-gotten gains, prejudgment interest and civil penalties.

5. It appears that an order prohibiting Defendants from destroying, altering, or concealing records of any kind is necessary to ensure compliance with the asset freeze imposed on Defendants and to protect the integrity of this litigation.

6. Good and sufficient reasons have been shown why a procedure other than by notice of motion is necessary. It is therefore appropriate for the Court to issue this Order to Show Cause *ex parte* so that prompt service on appropriate financial institutions can be made, thus preventing the dissipation of assets.

7. This Court has jurisdiction over the subject matter of this action and over Defendants, and venue properly lies in this District.

**NOW, THEREFORE,**

**I.**

**IT IS HEREBY ORDERED** that Defendants show cause to this Court at 10:00 a.m. on the 5th day of October, 2017, in Courtroom 10A of the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201, why this Court should not enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure, Section 20(b) of the Securities Act, and Section 21(d) of the Exchange Act preliminarily enjoining Defendants form violating Sections 17(a) of the Securities Act, Section 10(b) of the Exchange and Rules 10b-5 thereunder, and from engaging in the offering of unregistered securities or violating Sections 5(a) and 5(c) of the Securities Act.

**II.**

**IT IS FURTHER ORDERED** that Defendants show cause at that time why this Court should not also enter an Order directing that, pending a final disposition of this action, Defendants and each of their financial and brokerage institutions, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service, telephonic notice, email notice, any other means permitted in Section XIV of this Order, or otherwise, and each of them, hold and retain within their control and otherwise prevent (except to the extent this Order requires any transfer to repatriate assets to the United States) any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal (including the use of any credit cards or any other incurring of debt) of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever, in whatever form such assets may presently exist and wherever located) of, held by,

or under the control of Defendants, whether held in their name or for their direct or indirect beneficial interest, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of Defendants to hold or retain within its or his control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties, including without limitation all assets, funds, or other properties held in Defendants' name, held by Defendants, or under Defendants' control, including but not limited to the accounts listed on Schedule A.

### III.

**IT IS FURTHER ORDERED** that Defendants show cause at that time why this Court should not also enter an Order that directs that (a) Defendants shall repatriate all funds, assets, or other property held in foreign locations in their names, or for their benefit or under their direct or indirect control, or over which Defendants exercise control or signatory authority by transferring to the registry of this Court all such assets, funds, and other property; and (b) with respect to any other asset owned and/or controlled by Defendants that is now located outside the jurisdiction of this Court (including, but not limited to, any monies, securities, or real or personal property), the Defendant with ownership or control over the asset shall immediately identify the location of such asset, the price paid or consideration given, and the date upon which it was purchased.

### IV.

**IT IS FURTHER ORDERED** that Defendants show cause at that time why this Court should not also enter an Order enjoining and restraining them, and any person or entity acting at the direction of or on behalf of either or all of them, from destroying, altering, or concealing all documents, books, and records that are in the possession, custody, or control of Defendants, their respective agents, servants, employees, and attorneys, and those persons in active concert or

participation with them, including documents that concern the allegations in the Complaint or Defendants' assets or finances.

## V.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, Defendants are temporarily restrained from violating Section 10(b) of the Exchange and Rules 10b-5 thereunder, by using the mails or any means or instrumentality of interstate commerce, directly or indirectly:

(a) to employ devices, schemes, or artifices to defraud;

(b) to make untrue statements of material fact or omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and/or

(c) to engage in acts, practices, and courses of business which operate or would operate as a fraud or deceit.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with any described in (a).

## VI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, Defendants are temporarily restrained from violating Section 17(a) of the Securities Act, by using the mails or any means or instrumentality of interstate commerce, directly or indirectly:

    (a) to employ devices, schemes or artifices to defraud;

    (b) to obtain money or property by means of an untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and/or

    (c) to engage in transactions, practices or courses of business which operate or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with any described in (a).

## VII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, Defendants are temporarily restrained from engaging in the offering of unregistered securities or violating Sections 5(a) and 5(c) of the Securities Act, by:

    (a) without a registration statement in effect as to that security, making use of the means and instruments of transportation or communications in interstate commerce and of the mails to sell securities through the use of means of a prospectus; and/or

    (b) making use of the means and instruments of transportation or communication in interstate commerce and of the mails to offer to sell through the use of a prospectus, securities as to which no registration statement has been filed.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this

Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with any described in (a).

## VIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, Defendants and each of their financial and brokerage institutions, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service, telephonic notice, email notice, any other means permitted in Section XIV of this Order, or otherwise, and each of them, hold and retain within their control and otherwise prevent any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal (including the use of any credit cards or any other incurring of debt) of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever, in whatever form such assets may presently exist and wherever located) of, held by, or under the control of Defendants, whether held in their name or for their direct or indirect beneficial interest, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of Defendants to hold or retain within its or his control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties, including without limitation all assets, funds, or other properties held in Defendants' name, held by Defendants, or under Defendants' control, including but not limited to the accounts listed on Schedule A.

## IX.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, (a) REcoin and Diamond shall immediately repatriate all funds, assets, or other property held in foreign locations in their name, or for their benefit or under their direct or indirect control, or over which REcoin or Diamond exercise control or signatory authority by transferring to the registry of this Court all such assets, funds, and other property; (b) Zaslavskiy shall immediately repatriate all funds, assets, or other property derived from REcoin or Diamond and held in foreign locations in his name, for his benefit or under his direct or indirect control, or over which Zaslavskiy exercises control or signatory authority by transferring to the registry of this Court all such assets, funds, and other property; (c) with respect to all funds and assets outside the jurisdiction of this Court that are repatriated by Defendants, such assets shall become subject to the restrictions described in paragraph VIII, above; and (c) with respect to any other asset owned and/or controlled by Defendants that is now located outside the jurisdiction of this Court (including, but not limited to, any monies, securities, or real or personal property), the Defendant with ownership or control over the asset shall immediately identify the location of such asset, the price paid or consideration given, and the date upon which it was purchased.

### X.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, Defendants are enjoined and restrained, and any person or entity acting at the direction of or on behalf of either or all of them is enjoined and restrained, from destroying, altering, or concealing all documents, books, and records that are in the possession, custody, or control of Defendants, their respective agents, servants, employees, and attorneys,

and those persons in active concert or participation with them, including documents that concern the allegations in the Complaint or Defendants' assets or finances.

## XI.

**IT IS FURTHER ORDERED** that, discovery is expedited as follows: pursuant to Rules 26, 30, 31, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, and without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), and without regard to the limitations of Federal Rules of Civil Procedure 30(a)(2), 30(d), 31(a)(2), and 33(a)(1):

(1) the Commission may take the depositions on two (2) calendar days' notice by email, facsimile or otherwise, of Defendants and non-party witnesses; and

(2) the Commission may obtain the production of documents within three (3) days from service by email, facsimile or otherwise of a request or subpoena, from the Defendants or any other persons or entities, including non-party witnesses.

Service of any discovery requests, notices, or subpoenas may be made by personal service, facsimile, email, overnight courier, or first-class mail.

## XII.

**IT IS HEREBY FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application, within three (3) business days of the issuance of this Order, each Defendant shall each make a sworn verified written accounting to this Court, under penalty of perjury, in the manner set forth below. The sworn accounting shall cover the period from July 1, 2017 to the present.

The sworn accounting shall reflect (1) all assets, funds and property received, directly or indirectly, from anyone who invested in, provided loans to, or otherwise gave, directly or indirectly, assets, funds or property to any Defendant; (2) the amount of such funds or value of

11

such assets; (3) the location of where such funds were put and for each location provide the name and address of the bank or other financial institution, the account name, the account number and the approximate date on which the funds were placed at the location; (4) the uses to which such funds were put; and (5) the amounts of any remaining assets or funds described in Section XII(3) of this Order and their location and for each location provide the name and address of the bank or other financial institution, the account name, the account number and the approximate date on which the funds were placed at the location.

### XIII.

**IT IS FURTHER ORDERED** that immediately upon entry of this Order and service thereof, Defendant Zaslavskiy shall surrender to the Clerk of the Court all passports that he holds. The Clerk of the Court shall maintain custody of such passports until five days after he has complied with Section IX (requiring repatriation of assets) and Section XII (requiring an accounting) of this Order.

**IT IS FURTHER ORDERED** that Defendant Zaslavskiy is prohibited from traveling outside the United States unless and until this Court finds that he has fully complied with Section IX (requiring repatriation of assets) and Section XII (requiring an accounting) of this Order.

### XIV.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the Commission's Application be served upon Defendants (or their attorney who agrees to accept service on their behalf) on or before Saturday, September 30, 2017, by personal delivery, facsimile, overnight courier, international express mail, first-class mail to Maksim Zaslavskiy, 2729 E 23rd Street, Brooklyn, N.Y. 11235, or by email at mzaslavskiy@gmail.com or mzaslavskiy@101recoin.com.

## XV.

**IT IS FURTHER ORDERED** that Defendants shall deliver any opposing papers in response to the Order to Show Cause no later than Tuesday, October 3, 2017, at 12:00 p.m. Service shall be made by that date and time by emailing the papers to tenreiroj@sec.gov and receiving a reply email confirming receipt or by sending the papers by overnight courier service to the New York Regional Office of the Commission at Brookfield Place, 200 Vesey Street, Suite 400, New York, New York 10281, Attn: Jorge G. Tenreiro, or such other place as counsel for the Commission may direct in writing. The Commission shall have until Wednesday, October 4, 2017, at 5:00 p.m., to serve, by the most expeditious means available, any reply papers upon Defendants or their counsel, if counsel shall have made an appearance in this action. All papers shall be electronically filed with the Court by the same times specified above.

## XVI.

Unless otherwise ordered this temporary restraining order shall expire at the time of entry on Friday, October 13, 2017.

/s/(RJD)
_____
Raymond J. Dearie
UNITED STATES DISTRICT JUDGE

Issued at: 4:42 p.m.
9/28, 2017
Brooklyn, New York

13