UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>      v.<br><br>RECOIN GROUP FOUNDATION, LLC, DRC WORLD INC. A/K/A DIAMOND RESERVE CLUB, and MAKSIM ZASLAVSKIY,<br><br>            Defendants. | Civ. No. 17-cv-5725 (RJD) (RER) |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO THE GOVERNMENT'S APPLICATION TO
<u>INTERVENE AND TO STAY CIVIL PROCEEDINGS</u>**

                          POLSINELLI  PC
                          Jason A. Nagi
                          600 Third Avenue, 42nd Floor
                          New York, NY 10016
                          jnagi@polsinelli.com
                          (212) 644-2092
                          <u>jnagi@polsinelli.com</u>

                          *Attorney for Defendants Recoin
                          Group Foundation, LLC;
                          DRC World Inc. a/k/a Diamond
                          Reserve Club; and Maksim
                          Zaslavskiy*

**TABLE OF CONTENTS**

INTRODUCTION ...............................................................................................................................1

BACKGROUND AND PROCEDURAL HISTORY ......................................................................4

    I.       The SEC Enforcement Action ..................................................................................4

    II.      The Complaint ...........................................................................................................4

           A.       The SEC's Claims Against Defendants ......................................................4

           B.       The Defenses ................................................................................................4

           C.       Procedural History .......................................................................................5

    III.     The Zaslavskiy Criminal Action ..............................................................................5

           A.       The Indictment .............................................................................................5

           B.       The Application ............................................................................................5

ARGUMENT .....................................................................................................................................6

    I.       THE OVERLAP BETWEEN THIS CIVIL CASE AND THE CRIMINAL CASE DOES NOT REQUIRE A STAY ...............................................6

    II.      THE GOVERNMENT WILL NOT SUFFER ANY UNFAIR PREJUDICE IF DISPOSITIVE MOTION PRACTICE IS PERMITTED ..................................8

    III.     ALLOWING DISPOSITIVE MOTIONS WILL NOT INTERFERE WITH THE PUBLIC INTEREST IN CRIMINAL LAW ENFORCEMENT .................10

    IV.     DEFENDANTS WOULD BE PREJUDICED BY A STAY OF ALL CIVIL PROCEEDINGS .......................................................................................12

    V.      JUDICIAL EFFICIENCY WOULD NOT BE ENHANCED BY A COMPLETE STAY OF PROCEEDINGS ............................................................13

    VI.     A PARTIAL STAY IS APPROPRIATE ................................................................14

CONCLUSION ................................................................................................................................15

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Banks v. Yokemick*,
    144 F. Supp. 2d 272 (S.D.N.Y. 2001) ................................................................................. 9

*Campbell v. Eastland*,
    307 F.2d 478 (5th Cir. 1962) ............................................................................................ 10

*Clinton v. Jones*,
    520 U.S. 681 (1997) ........................................................................................................... 6

*Doe v. Columbia Univ.*,
    831 F.3d 46 (2d Cir. 2016) ................................................................................................. 9

*In re Ivan F. Boesky Sec. Litig.*,
    128 F.R.D. 47 (S.D.N.Y. 1989) ........................................................................................ 10

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) ........................................................................................................... 6

*Louis Vuitton Malletier, S.A. v. LY USA, Inc.*,
    676 F.3d 83 ................................................................................................................ 6, 7, 9

*SEC v. Beacon Hill Asset Mgmt. LLC*,
    2003 WL 554618 (S.D.N.Y. Feb. 27, 2003) ...................................................................... 8

*SEC v. Chesman*,
    861 F.2d 49 (2d Cir. 1988) ............................................................................................... 10

*SEC v. Cioffi*,
    2008 WL 4693320 (E.D.N.Y. Oct. 23, 2008) ........................................................... 7, 9, 11

*SEC v. Dresser Indus.*,
    628 F.2d 1368 (D.C. Cir. 1980) ......................................................................................... 6

*SEC v. Jones*,
    2005 WL 2837462 (S.D.N.Y Oct. 28, 2005) ................................................................... 12

*SEC v. Kornman*,
    2006 WL 1506954 (N.D. Tex. May 31, 2006) ................................................................. 11

*SEC v. Saad*,
    384 F. Supp. 2d 692 (S.D.N.Y. 2005) ......................................................................... 6, 11

*SEC v. Sandifur*,
   2006 WL 3692611 (W.D. Wash. Dec. 11, 2006)..................................................................11

*SEC v. Yuen*,
   No. 03 Civ. 4376, slip op. (C.D. Cal. Oct. 2, 2003)............................................................11

*Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*,
   886 F. Supp. 1134 (S.D.N.Y. 1995).........................................................................6, 7, 13

*United States v. FINRA*,
   607 F. Supp. 2d 391 (E.D.N.Y. 2009)..................................................................................11

*United States v. One 1964 Cadillac Coupe DeVille*,
   41 F.R.D. 352 (S.D.N.Y. 1966) ...........................................................................................10

*Volmar Distr., Inc. v. New York Post Co., Inc.*,
   152 F.R.D. 36 (S.D.N.Y. 1993) .......................................................................................7, 10

**Statutes**

Section 10(b) of the Exchange Act of 1934 ...................................................................................4

Sections 5(a), 5(c), and 17(a)(1)-(3) of the Securities Act of 1933 ...............................................4

**Other Authorities**

Local Civ. R. 7.1(a)(1) ....................................................................................................................1

Fed. R. Civ. P. 12.................................................................................................................. passim

Milton Pollack, *Parallel Civil & Criminal Proceedings,* 129 F.R.D. 201, 202
   (1989) ........................................................................................................................... passim

Defendants ReCoin Group Foundation, LLC ("**ReCoin**"), DRC World Inc. ("**DRC**"), and Maksim Zaslavskiy ("**Zaslavskiy**," and collectively, "**Defendants**"), submit the following Memorandum in Opposition to the Government's Memorandum of Law to Intervene and to Stay Civil Proceedings (the "**Application**")[1] filed by the U.S. Attorney for the Eastern District of New York (the "**Government**").

## INTRODUCTION

This SEC enforcement action is the first of its kind and involves a novel question of law that no court has yet considered: whether cryptocurrencies are governed by the United States' securities laws. That is why it is particularly inappropriate to bar Zaslavskiy, ReCoin and DRC from moving to dismiss this case. Unfortunately, the Government has refused to compromise with the Defendants' reasonable suggestion to consent to a stay of discovery and provide Defendants the ability to challenge the legal basis for this lawsuit—an unjust position to take when a government entity prosecutes an individual based on a questionable legal premise. The Government's inexplicable position is a strong indication that the stay Application is a thinly veiled attempt by the Government to avoid early dismissal of a questionable criminal prosecution and civil enforcement action. The Government's desire to obtain a tactical advantage, however, does not carry the Government's burden to stay these proceedings. In fact, early dispositive motion practice in this civil enforcement action would help sort out the new issues of law raised by both the civil claims and the criminal indictment. As such, the Government's Application should be denied, in part, as overbroad.

The Application stems from a November 21, 2017 criminal indictment against Zaslavskiy. The indictment against Zaslavskiy, like the civil claims in this case, arises from a

---

[1] The Application is not referenced as a motion because no notice of motion was filed; the Government simply filed a memorandum of law. *See* L. Civ. R. 7.1(a)(1).

1

novel issue of securities law in the emerging area of cryptocurrencies. To preserve its tactical advantage against Zaslavskiy, the Government now seeks to intervene and stay all proceedings in this case pending completion of the criminal case. Defendants oppose a stay of this case, but in an effort to compromise with the Government, Defendants agreed to allow the Government to intervene and to stay discovery in this matter if Defendants could file a dispositive motion under Fed. R. Civ. P. 12 and/or 56. Instead of accepting Defendants' effort to compromise, the Government filed its Application.

The Government insists on an overly broad stay of all civil proceedings, including dispositive motion practice, pending the resolution of the criminal case. Rather than address the specifics of this case, including the Defendants' willingness to stay discovery, the Government's Application contains a number of blanket, conclusory statements about prejudice to the criminal process caused by civil discovery. (Notably, the Defendants have not sought discovery in this action.) There is virtually no targeted analysis in support of a complete stay. And while it may be true that the Government has an interest in ensuring that parallel civil proceedings do not compromise the Government's case against Zaslavskiy, the Government has not met its burden to obtain the extraordinary relief it seeks here.

- First, the Government's initial argument that a stay is appropriate because the use of civil discovery mechanisms will favor Defendants, is not relevant here, as Defendants have consented to a stay of discovery in this matter. Likewise, dispositive motion practice will not intrude on the Government's criminal investigation and preparation of its prosecution—although it may result in dismissal of the Government's case—so there is no harm to the public's interest in having criminal laws enforced.
- Second, the Government's attempt to indefinitely delay Defendants' rights to resolve this case against them ignores Defendants' rights to a prompt resolution of this civil action. This case is not merely a private matter, it is a civil enforcement case brought by the SEC on a novel issue of securities law—whether cryptocurrencies can be regulated as securities. Delay in resolving the civil enforcement action will deny Defendants' interests in a speedy resolution, and the public's interest in obtaining a timely answer to a significant legal question.

- Third, a complete stay of civil proceedings will not enhance judicial efficiency. On the contrary, a blanket stay will delay resolution of this case and unfairly prejudice the Defendants. Zaslavskiy intends to defend himself on the same basis in both cases by filing a dispositive motion showing that the ReCoin and Diamond cryptocurrencies are not securities. Allowing Defendants to bring a motion to dismiss now will advance the determination of a threshold issue in both the criminal and civil cases. Zaslavskiy should not be forced to litigate this issue to conclusion in the criminal case only to re-litigate the issue in the civil case.

Accordingly, the Government's Application for a stay of all civil proceedings should be denied. The better approach in this situation is to permit dispositive motion practice under Fed. R. Civ. P. 12 and/or 56 to resolve the threshold issue of securities law, while staying all civil discovery and adopting active case management.

## BACKGROUND AND PROCEDURAL HISTORY

### I. The SEC Enforcement Action

Plaintiff, the Securities and Exchange Commission (the "**SEC**"), brought this civil suit on September 29, 2017. The SEC alleges Defendants violated securities laws in connection with two cryptocurrency offerings for ReCoin Cryptocurrency and Diamond Cryptocurrency, in the summer of 2017. The Complaint describes cryptocurrency as a "digital representation of value that can be digitally traded and functions as (1) a medium of exchange; and/or (2) a unit of account; and/or (3) a store of value, but does not have legal tender status . . . in any jurisdiction." (Compl. ¶ 22 n. 1.)

### II. The Complaint

Cryptocurrencies, sometimes referred to as coins or tokens, may entitle their holders to certain rights relating to a venture in connection with which the cryptocurrency is offered or sold. (Compl. ¶ 24.) Cryptocurrencies use cryptography to secure their transactions, to control the creation of additional units, and to verify the transfer of assets. [**NEEDED**?]

#### A. The SEC's Claims Against Defendants

The SEC asserts four claims against Zaslavskiy and three against the corporate defendants, ReCoin and DRC. Each of the SEC's claims arises under federal securities law, e.g., Sections 5(a), 5(c), and 17(a)(1)-(3) of the Securities Act of 1933 and Section 10(b) of the Exchange Act of 1934. Notably, no U.S. court has recognized what the SEC asserts in this case that cryptocurrencies are securities; that is *the* threshold issue in this case.

#### B. The Defenses

Indeed, Defendants dispute the SEC's central claim and they intend to file a motion to dismiss this case. Defendants will show that the SEC cannot prove that the ReCoin and Diamond cryptocurrencies constitute securities as a matter of law. And, because this central

4

issue is a matter of law, no discovery will be necessary for the Court to resolve this question and dismiss the case.

### C. Procedural History

With regard to the procedural history of this case, the SEC moved for immediate injunctive relief when it filed its complaint. In response, Defendants stipulated to certain injunctive relief. In connection with the SEC's request for injunctive relief, Defendants provided certain information to the SEC but Defendants have not yet formally responded to the SEC's Complaint and no formal discovery has occurred. Defendants response to the SEC's complaint is presently due on February 5, 2018.

## III. The Zaslavskiy Criminal Action

### A. The Indictment

The Government filed a criminal complaint against Zaslavskiy on October 27, 2017. The criminal complaint asserts similar novel claims to those asserted by the SEC, i.e., that Zaslavskiy made various false or misleading statements in connection with the ReCoin and Diamond cryptocurrency offerings in the summer of 2017. On November 21, 2017, a grand jury in this District returned an indictment against Zaslavskiy. The indictment charges Zaslavskiy with securities fraud and related claims, in connection with the ReCoin and Diamond cryptocurrencies. The Government faces the same threshold issue in its case against Zaslavskiy that the SEC faces in this case. That is because the criminal claims also rely on the yet-to-be recognized assumption that cryptocurrencies constitute securities.

### B. The Application

Almost one month after the indictment, the Government filed the Application. The Government seeks to intervene in this case for the sole purpose of moving to stay all of the civil

5

proceedings against all Defendants pending the resolution of the Government's criminal case against Zaslavskiy.

## ARGUMENT

## I.

## THE OVERLAP BETWEEN THIS CIVIL CASE AND THE CRIMINAL CASE DOES NOT REQUIRE A STAY

There is no requirement to stay civil proceedings when civil and criminal cases overlap. *See* Milton Pollack, *Parallel Civil & Criminal Proceedings*, 129 F.R.D. 201, 202 (1989) (hereafter "Pollack"). Rather, courts have discretion to manage their own dockets, including the discretion to stay proceedings. *Id.*; *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The party seeking to stay a civil case pending the resolution of a parallel criminal case "bears the burden of establishing its need." *Louis Vuitton Malletier, S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)).

A stay of civil proceedings pending the conclusion of a related criminal case is "an extraordinary remedy." *Louis Vuitton*, 676 F.3d at 98 (quoting *Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)); *see also SEC v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (noting that "special circumstances" must ordinarily exist to stay a civil case pending the resolution of a criminal case). "[T]here is a strong presumption in favor of discovery that any party—the Government no less than any other litigant—must overcome if it seeks to withhold production or depositions." *Pollack*, 129 F.R.D. at 209. Thus, the "starting point" is that "discovery and other proceedings ought to proceed in the normal course, notwithstanding the happenstance that some discovery also relates to a parallel criminal matter." *SEC v. Saad*, 384 F. Supp. 2d 692, 693 (S.D.N.Y. 2005); *see also SEC v. Cioffi*, 2008 WL 4693320, *2 (E.D.N.Y. Oct. 23, 2008) (noting

that "far more sensible approach is to allow discovery to go forward, but to allow the U.S. Attorney to object to particular requests").

District and circuit courts have developed a variety of multi-factor tests to determine whether a movant can meet its burden to obtain a stay of civil proceedings. *See Louis Vuitton*, 676 F.3d at 99. The Second Circuit Court of Appeals has not required the application of any particular test; instead, district courts can consider any number of factors to determine whether to stay civil proceedings based on the circumstances of situation at issue. *Louis Vuitton*, 676 F.3d at 99. Such factors may include:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Trustees of Plumbers*, 886 F. Supp. at 1139 (quoted in *Louis Vuitton*, 676 F.3d at 99). Regardless of which factors a court may apply, the overriding analysis in deciding whether to grant a stay is to balance the risk of prejudice to the parties (civil and criminal) if the civil case is not stayed against the risk of prejudice to the civil defendants and the right of the civil litigants to obtain timely and efficient resolution of the civil claims against them. *Louis Vuitton*, 676 F.3d at 99; *see also Volmar Distr., Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) ("Balancing these factors is a case-by-case determination, **with the basic goal being to avoid prejudice**.") (emphasis added); Pollack, 129 F.R.D. at 209 (noting that decision to grant or deny stay, like other discovery questions, requires balancing the interests of the litigants).

Applying the foregoing standards to the facts of this case reveals that the balance tips squarely in favor of a limited stay, rather than a complete stay. The Government cannot show

7

that the minute risk of prejudice it might face as a result of the parallel proceedings outweighs Defendants' rights to prompt resolution of the SEC's novel claims against them.

## II.

### THE GOVERNMENT WILL NOT SUFFER ANY UNFAIR PREJUDICE IF DISPOSITIVE MOTION PRACTICE IS PERMITTED

The Government's primary argument is that its preparation of a criminal case against Zaslavskiy may be compromised if this case is not stayed. In particular, the Government contends Zaslavskiy will gain an unfair advantage by using the rules of civil discovery to circumvent the more restrictive rules of criminal discovery. *Cf. SEC v. Beacon Hill Asset Mgmt. LLC*, 2003 WL 554618, *1 (S.D.N.Y. Feb. 27, 2003) ("the principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases"). Likewise, the Government suggests that more liberal civil discovery may lead to perjury and manufactured evidence, witness intimidation, and unfair surprise at trial. (Application at p. 14).

But, Defendants have agreed to stay discovery in this case. As a result, and giving the Government its due, there is no prejudice—the differences between civil and criminal discovery are simply irrelevant here.

Tellingly, the Application fails to explain how dispositive motion practice under Fed. R. Civ. P. 12 would unfairly interfere with the criminal case. Motion practice under Fed. R. Civ. P. 12 does not depend on discovery or witness statements; it tests the sufficiency of the complaint and looks only to the allegations therein or to documents attached thereto. *See Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016) ("On a motion under Rule 12(b)(6) to dismiss a complaint for failure to state a claim, the only facts to be considered are those alleged in the complaint . . .

8

."). In addressing a motion to dismiss, the Government will not have to reveal its criminal trial strategies or the status of any grand jury proceedings. Rather, in responding to a motion to dismiss, the SEC will merely have to explain why this Court should classify a cryptocurrency as a security.

No new witnesses or evidence will be revealed since dispositive motion practice depends entirely on the record that is already before the Court. Thus, allowing Defendants to test the Government and the SEC's novel theory under a motion to dismiss will not tempt Zaslavskiy to perjure himself or manufacture evidence in the criminal case in the same way that gaining access to discovery documents or depositions might. Likewise, litigating a motion to dismiss will not create a risk of witness intimidation or possibility for unfair surprise at the criminal trial.

Moreover, in light of Zaslavskiy's willingness to stay discovery in this case, the Government's Application is at odds with controlling Second Circuit law. Under *Louis Vuitton*, trial courts should make "a particularized inquiry into the circumstances of, and the competing interests in, the case." *Cf. Louis Vuitton*, 676 F.3d at 99 (quoting *Banks v. Yokemick*, 144 F. Supp. 2d 272, 275 (S.D.N.Y. 2001)). Here, the Government's conclusory assertion of prejudice does not permit the Court to analyze the unique factors of this case. *See Cioffi*, 2008 WL 4693320, *1 (stating that courts should be concerned about conclusory allegations of prejudice without case-specific analysis). The Government has not met its burden of showing prejudice and the request for a complete stay of this case should be denied.

## III.
## ALLOWING DISPOSITIVE MOTIONS WILL NOT INTERFERE WITH THE PUBLIC <u>INTEREST IN CRIMINAL LAW ENFORCEMENT</u>

The Government is also incorrect in asserting that the public interest in enforcement of criminal laws justifies a blanket stay in this case. Perhaps civil discovery can compromise a criminal investigation and interfere with the public's interest in law enforcement, but the Government's assertion on this point is once again conclusory and is at odds with Defendants' willingness to stay civil discovery. Focusing on how civil discovery might impugn the criminal process, as the Government does, it fails to explain how a motion to dismiss would negatively impact the Government's criminal preparations. Indeed, cases cited by the Government explain that the threat to criminal law enforcement in parallel proceedings arises from *discovery* in civil cases, not from dispositive motion practice. *See, e.g., SEC v. Chesman*, 861 F.2d 49 (2d Cir. 1988) (stating that government has an interest in preventing "*discovery* in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter") (cited in Application at p. 15); *Campbell v. Eastland*, 307 F.2d 478, 480 (5th Cir. 1962) (addressing issues relating to discovery of reports contained in U.S. Attorney's criminal files) (cited in Application at pp. 14-15); *Volmar*, 152 F.R.D. at 39-40 (agreeing to stay discovery without addressing whether dispositive motions would affect criminal proceedings) (cited in Application at p. 15); *In re Ivan F. Boesky Sec. Litig.*, 128 F.R.D. 47, 48 (S.D.N.Y. 1989) (denying motion to compel discovery) (cited in Application at p. 15); *United States v. One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) (noting that prosecutors may be entitled to "stay of all discovery in the civil action") (cited in the Government's Application at p. 15). But because

10

Defendants have agreed to refrain from civil discovery, there is no threat to the public's interest in enforcement of the criminal laws.

Rather than a legitimate concern over a detrimental impact on the criminal justice process, the Government's request for acomplete stay of civil proceedings is an attempt to insulate the Government and the SEC from a dispositive motion that could undermine the Government and the SEC's untested legal theories. The request for a complete stay is a thinly veiled attempt by the Government to avoid early dismissal of a legally infirm criminal prosecution and civil enforcement action. The Government's desire to obtain a tactical advantage, however, does not carry the Government's burden to stay these proceedings. *See United States v. FINRA*, 607 F. Supp. 2d 391, 394 (E.D.N.Y. 2009) (explaining that loss of Government's usual tactical advantage as a result of parallel civil proceedings was insufficient to justify a stay of civil proceedings).

The Government's assertion of the public interest is especially weak here since both the civil case and the criminal case involve government agencies. *See, e.g., SEC v. Sandifur*, 2006 WL 3692611, *2 (W.D. Wash. Dec. 11, 2006) ("Courts regularly deny stays when civil regulators have worked directly in concert with the criminal prosecutors during the investigation and the Government has used parallel proceedings to its advantage."); *SEC v. Kornman*, 2006 WL 1506954 (N.D. Tex. May 31, 2006); *Saad*, 229 F.R.D. 90; *SEC v. Yuen*, No. 03 Civ. 4376, slip op. at 5, 11-13 (C.D. Cal. Oct. 2, 2003). This Court has previously explained that "[c]ourts are justifiably skeptical of blanket claims of prejudice by the government where—as here—the government is responsible for the simultaneous proceedings in the first place." *Cioffi*, 2008 WL 4693320, *1; *see also Saad*, 229 F.R.D. at 91 ("[I]t is strang[e] that the U.S. Attorney's Office, having closely coordinated with the SEC in bringing simultaneous civil and criminal actions

11

against some hapless defendant, should then wish to be relieved of the consequences that will flow if the two actions proceed simultaneously."). It would be unfair to endorse the Government's fickle litigation strategy at the expense of Defendants' right to prompt resolution of the novel claims against them. Thus, this factor does not support a complete stay of proceedings.

## IV.
## DEFENDANTS WOULD BE PREJUDICED BY A STAY OF ALL CIVIL PROCEEDINGS

The Government argues that because the SEC consents to a stay of civil proceedings there will be no prejudice to the civil parties. (Application at p. 15.) The Government, however, ignores Zaslavskiy's interest (and the interests of ReCoin and DRC) to obtain a prompt resolution of the SEC enforcement action. Zaslavskiy and the other Defendants have the right to clear their names and to stop incurring legal expenses as soon as practicable under the Federal Rules of Civil Procedure. *See SEC v. Jones*, 2005 WL 2837462, *2 (S.D.N.Y Oct. 28, 2005) (denying motion to stay in part because of defendant's interest in timely resolution to allegations against him). Motions under Fed. R. Civ. P. 12(b)(6) test the sufficiency of a complaint at an early stage in the litigation. *See Doe*, 831 F.3d at 48 (issue under Fed. R. Civ. P. 12(b)(6) is whether complaint plausibly alleges a legal claim). No court has endorsed the theory put forth by the SEC and the Government, and thus an early dispositive motion is especially appropriate here.

Moreover, resolution of the criminal case might take years. Given the novel issues of law involved on the topic of cryptocurrencies, the case is likely to be litigated heavily, appeals are a genuine possibility, and there is no guarantee that issues resolved in the criminal case would

create preclusive precedent for the civil case.[2]  Since a stay of the civil case could prove lengthy, there is a risk that evidence will be lost or destroyed.  *See Trustees of Plumbers*, 886 F. Supp. at 1140 (noting that civil litigants have a "legitimate interest in the expeditious resolution of their case" and that loss of evidence is a concern that should be considered).  And, on a more basic level, staying the civil case will require Zaslavskiy, an individual with limited financial means, to pay to fight a two front war—criminal and civil—for an extended period of time.  His interests in prompt resolution of the claims against him, which could remove the underpinnings of the criminal case and the interests of ReCoin and DRC, must be considered.

It would be unfair to Zaslavskiy and the other Defendants to deny them the right to file a dispositive motion that would clear their names at this early stage of the proceedings.  But that is clearly what the Government and the SEC are attempting to do for tactical advantage, nothing more.  The request should be denied.

## V.
## JUDICIAL EFFICIENCY WOULD NOT BE ENHANCED BY A COMPLETE STAY OF PROCEEDINGS

The Government also asserts that a blanket stay of all civil proceedings will not "inconvenience" the Court, but once again relying on blanket assumptions instead of applying the law to the specific facts of this case.  Contrary to the Government's assertion, however, allowing a dispositive motion to be filed in this case will actually enhance judicial efficiency because—as the Government admits—the criminal and civil cases contain similar factual and legal issues.  Allowing Defendants to file a dispositive motion in the civil case will permit the

---

[2] In addressing the potential prejudice to Defendants, the Government once again relies on vague assumptions and makes no specific assertions about how long it anticipates the criminal case against Zaslavskiy will take to resolve.

Court to promptly address a threshold issue in both cases, i.e., whether the cryptocurrencies are securities.

In fact, the Government acknowledges that a dispositive motion will likely have applicability in both the criminal and civil cases. (Application at p. 17.) While the Government contends that a dispositive motion should be adjudicated only in the criminal context, judicial economy dictates that if the legal concepts raised in a civil dispositive motion also apply in the criminal, there is no reason to stay the civil case when a single motion may well dispose of both cases. Thus, concepts of judicial economy require denial of the Application in favor of allowing Defendants to file a dispositive motion in this case.

## VI.
## A PARTIAL STAY IS APPROPRIATE

As shown above, the Government has not articulated why a partial stay is not more appropriate to the facts of this case. Indeed, as Judge Milton Pollack explained in his seminal article on the issue, "[s]tays can and should be tailored to avoid undue prejudice." *Pollack*, 129 F.R.D. at 211. Judge Pollack even suggests that discovery should be allowed to proceed subject to specific objections by the Government. *Id.* ("a general stay of all civil discovery is not by any means the best option available to the court or to the litigants"). Despite ample authority in support of allowing some civil discovery, Defendants recognize that a risk of prejudice to the Government may be minimized and efficiencies may be gained in this situation by staying civil discovery. In turn, and especially because the prejudice caused by parallel proceedings has been minimized, Defendants are entitled to litigate their defenses to the novel Government and SEC claims as early, and as efficiently, as possible. The proper course of action here is to allow dispositive motions to be filed to test those novel theories.

## **CONCLUSION**

The Government has failed to meet its burden to obtain the extraordinary relief it seeks in this case. Accordingly, for the reasons above, Defendants request that the Court deny the Application in part and enter an order allowing Defendants to file a dispositive motion in this case.

                              POLSINELLI PC

                              By: */s/ Jason A. Nagi*
                                    Jason A. Nagi
                                    600 Third Avenue, 42nd Floor
                                    New York, NY 10016
                                    jnagi@polsinelli.com
                                    (212) 644-2092
                                    jnagi@polsinelli.com

*Attorneys for Defendants Recoin Group Foundation, LLC; DRC World Inc. a/k/a Diamond Reserve Club; and Maksim Zaslavskiy*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of January, 2018, a true and correct copy of *Defendants' Memorandum of Law in Opposition to the Government's Application to Intervene and to Stay Civil Proceedings* was filed using the CM/ECF system, which will send notification to the following counsel of record:

    Andrew M. Calamari
    Jorge G Tenreiro
    Valerie Ann Szczepanik
    Securities and Exchange Commission
    New York Regional Office
    200 Vesey Street, Room 400
    New York, NY  10281
    calamaria@sec.gov
    tenreiroj@sec.gov
    szczepanikv@sec.gov

    Julia Nestor
    U.S. Attorney's Office for the Eastern District
    271 Cadman Plaza East
    Brooklyn, NY  11201
    julia.nestor@usdoj.gov

                                                 */s/  Jason A. Nagi*