UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,

  - against -

RECOIN GROUP FOUNDATION, LLC, DRC
WORLD INC. a/k/a DIAMOND RESERVE CLUB,
and MAKSIM ZASLAVSKIY,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

17 CV 5725 (RJD)


GOVERNMENT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
<u>APPLICATION TO INTERVENE AND TO STAY CIVIL PROCEEDINGS</u>


RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201


JULIA NESTOR
Assistant U.S. Attorney
Eastern District of New York
  (Of Counsel)

PRELIMINARY STATEMENT

The government respectfully submits this memorandum of law in further support of its motion to intervene in the above-captioned civil case ("Civil Case") and to stay civil proceedings because of the pendency of the parallel criminal case, United States v. Maksim Zaslavskiy, 17-CR-647 (RJD) ("Criminal Case"), which has been filed in this district, and a related, ongoing grand jury investigation.  The defendant Maksim Zaslavskiy ("Zaslavskiy"), through his attorneys in the Civil Case ("Civil Counsel"),[1] opposes the motion to stay ("Stay Motion"), in part, and seeks a partial stay that would permit counsel in the Civil Case to file dispositive motions under Federal Rule of Civil Procedure 12 and/or 56.[2]  (See Defendant Zaskavskiy's Memorandum of Law in Opposition to the Government's Application to Intervene and to Stay Civil Proceedings, ECF Document No. 20 ("Def. Br.")).  Civil Counsel argues that the government's Stay Motion as to all proceedings should be denied, in part, because they should be able to "challenge the legal basis" for the Civil Case.  (Def. Br. at 1).  Civil Counsel consents to a stay of discovery proceedings.  (Def. Br. at 3).

The government has demonstrated the appropriateness of a complete stay of the Civil Case until the conclusion of the criminal proceedings and this district's precedent supports such a result.  Further, Civil Counsel's proposal of a limited stay in the Civil Case serves to create duplicative litigation and is a waste of judicial resources.  Specifically, logic and efficiency dictate

---

[1] While Zaslavskiy is represented by retained counsel Polsinelli PC in the Civil Case, he filed a financial affidavit in the Criminal Case and was assigned court appointed counsel in that matter.  At the last status conference in the Criminal Case held on December 21, 2017, defense counsel for Zaslavskiy in the Criminal Case, Ms. Mildred Whalen of the Federal Defenders, indicated to the Court that she did not oppose a stay of the Civil Case.

[2] Counsel in the Civil Case does not oppose the government's intervention in the Civil Case pursuant to Federal Rule of Civil Procedure 24(a).

1

that identical legal issues facing both the Criminal and Civil Cases should be first resolved in the criminal context where speedy trial concerns apply and no stay is possible, and discovery is well underway. For the reasons set forth below, the government's Stay Motion should be granted in full.

ARGUMENT

As detailed in the government's opening memorandum of law, this Court has the inherent authority to stay the Civil Case, see Landis v. N. Am. Co., 299 U.S. 248 (1936), and in determining whether to do so, the Court should balance the following factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

Hicks v. City of N.Y., 268 F. Supp. 2d 238, 241 (E.D.N.Y. 2003); see also Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 99 (2d Cir. 2012). A balancing of those factors here, along with a consideration of the equities, and in particular the need to prevent duplicative litigation and preserve judicial resources, demonstrate that a complete stay is warranted.

I.      A Complete Stay is Warranted

In arguing against the requested stay, Civil Counsel asserts that the government's request seeks "a tactical advantage," (see, e.g., Def. Br. at 1, 11), without explaining what the possible advantage could be. Civil Counsel claims, without explaining, that a request for a stay will "avoid early dismissal of the criminal prosecution and civil enforcement action." (Def. Br. at 11). Despite these conclusory assertions, the government's Stay Motion is not an attempt to secure a tactical advantage in the Criminal Case or avoid addressing any possible motion to dismiss; rather, the government seeks to streamline the need for litigation and avoid a waste of

judicial resources, as well as to effectively proceed with the Criminal Case, which despite having had a shorter pendency than the Civil Case, has already progressed significantly, including with the production of a significant volume of discovery.

As Civil Counsel fully concedes, any dispositive motion regarding whether the initial coin offerings at issue in both litigations involved securities would be equally applicable in the Civil and Criminal cases.  (See, e.g., Def. Br. at 1, 3, 5).  It would therefore stand to reason that Zaslavskiy's criminal attorneys will make the same arguments that Civil Counsel would make in seeking to dismiss the securities fraud charges in the indictment.  As a result, no possible tactical advantage could be gained by the government by having the Court decide a motion to dismiss on the same grounds in the Criminal Case as would be decided in the Civil Case.

The government, however, does have an interest in moving the Criminal Case forward expeditiously, as has been demonstrated by the production of voluminous discovery in the Criminal Case, to date, with additional discovery to be produced in short order.  Zaslavskiy faces serious charges in the Criminal Case and a potential prison sentence.  There are also speedy trial considerations at issue in the Criminal Case, which in many circumstances, including this one, enable criminal cases to move forward more expeditiously than civil cases.  Contrary to Civil Counsel's arguments, there is unlikely to be "indefin[ite] delay," (Def. Br. at 2), in the Criminal Case, and certainly no more delay than in the Civil Case.  As noted above, the Criminal Case has already progressed further than the Civil Case with the production of discovery.

Moreover, the factors guiding the Court's inquiry strongly counsel in favor of granting a complete stay of the Civil Case.  Specifically, a complete stay is warranted because of: (1) the significant overlap between the parallel criminal and civil proceedings, including the very issue Civil Counsel wishes to litigate – whether the cryptocurrency at issue in both the Civil and

3

Criminal Cases is indeed a security; (2) the fact that a criminal indictment already has been returned against the defendant for engaging in the same activities that are the subject of the Civil Case and discovery has commenced; (3) the public's interest in the "effective prosecution of those who violate the securities laws," and more specifically, in preventing corporate securities fraud, which will be served by the criminal proceedings, see, e.g., Volmar Distrib., Inc. v. N.Y. Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993); see also SEC v. Shkreli, No. 15 CV 7175 (KAM), 2016 WL 1122029, at *7 (E.D.N.Y. Mar. 22, 2016) (strong public interest in the effective enforcement of the criminal law is a paramount public concern); SEC v. Platinum Mgmt. (NY) LLC et al., No. 16-CV-6848 (DLI), 2017 WL 2915365, at *3 (E.D.N.Y. July 7, 2017) (holding same); SEC v. McGinnis, 2016 WL 591764, at *3 (D. Vt. Feb. 12, 2016) (granting stay of SEC action in part because the "public's interest in the integrity of the [parallel] criminal case is entitled to precedence over the civil litigant") (4) the Court's interest in judicial economy and in safeguarding the Criminal Case; and (5) the likelihood that a complete stay would effectively streamline the case and any future motions and discovery for the SEC and Zaslavskiy in the Civil Case after the conclusion of the criminal proceedings. Rather than reckon with these justifications for a complete stay, the Civil Counsel repeats their "tactical advantage" refrain and asserts without any justification that proceeding with a motion to dismiss in the civil context would be beneficial to Zaslavskiy who is facing more serious criminal charges.

Civil Counsel's arguments against a complete stay are unavailing. In support of their position, (Def. Br. at 12), they rely on cases where courts have denied stays when the government has used parallel proceedings to its advantage. See, e.g., SEC v. Sandifur, 2006 WL 3692611, *2 (W.D. Wash. Dec. 11, 2006); SEC. v. Kornman, 2006 WL 1506954 (N.D. Tex. May 31, 2006); SEC v. Saad, 229 F.R.D. 90, 91 (S.D.N.Y. 2005); SEC v. Cioffi, 08-CV-2457 (FB),

4

2008 WL 4693320 (E.D.N.Y. October 23, 2008).  As discussed above, these decisions are not applicable here as Civil Counsel has failed to articular what advantage, if any, the government seeks here.  Nor does Civil Counsel cite any controlling case law for the proposition that it would serve the ends of justice and judicial economy to have a court decide two nearly identical motions in parallel civil and criminal proceedings, let alone that any such motion should be decided in the civil context first to save judicial resources or to expedite matters.

II.     The Prejudice Concerns Set Forth by Civil Counsel Are Misstated and Meritless

Finally, Civil Counsel's complaints of prejudice are misstated.  First, while it is certainly true that Zaslavskiy has every interest in resolving his Civil Case as promptly as possible, his interests are undoubtedly more implicated by the more serious charges in the Criminal Case.  As discussed above, to the extent the Court agrees with Zaslavskiy that the cryptocurrency at issue in this case is not a security for purposes of the indictment in the Criminal Case, such ruling would clearly apply in the Civil Case, and Civil Counsel would have every opportunity to address the issue with the Court and move to lift the stay in order to dismiss the complaint.

Second, Civil Counsel's argument that Zaslavskiy and the corporations charged in the Civil Case, which are controlled by Zaslavskiy, would be incurring unnecessary legal expenses and would be forced to fight a two front war, (Def. Br. at 12-13), as a result of the stay misstates the effect of the stay and the circumstances in this case.  As discussed in footnote 1 supra, while Zaslavskiy has retained counsel in the Civil Case, he has the benefit of court-appointed counsel in the Criminal Case.  Therefore, a full stay of the Civil Case would actually significantly lower legal expenses in that case because retained counsel would not be drafting lengthy briefing in the Civil Case, leaving the issue to be briefed by able appointed counsel in the Criminal Case free of charge to Zaslavskiy.  Certainly, this would be in the interest of Zaslavskiy, who purportedly is

5

"an individual with limited financial means." (Def. Br. at 13). See In re Worldcom, Inc. SEC. & Erisa Litig., 2002 U.S. Dist. LEXIS 23172, *27 (S.D.N.Y. Dec. 5, 2002) ("When a defendant faces a criminal prosecution that is likely to accomplish as much if not more than can be achieved through civil litigation, there is little reason to deplete his resources through payment of attorney's fees to defend or participate in civil litigation that, while important, is essentially duplicative.").

Third, Civil Counsel's argument that similar litigation would take "years" in the Criminal Case, (Def. Br. at 12), but would be more expeditious in the Civil Case is misleading. As Civil Counsel fully admits throughout their response to the Stay Motion, the central issue in both cases is identical – whether the cryptocurrency at issue is a security under the law. Litigation on this issue would require similar motions and briefing in the Civil Case as in the Criminal Case, and Civil Counsel has failed to articulate why any such briefing would be more expeditious in the civil context, where no speedy trial concerns apply.

Lastly, Civil Counsel's argument that evidence would be lost or destroyed, (Def. Br. at 13), is meritless. As discussed above, the government has produced significant discovery to Zaslavskiy in the Criminal Case, to which undoubtedly Civil Counsel has access. This will ensure that Civil Counsel has access to the discovery equally applicable in the Civil Case. Furthermore, Civil Counsel has consented to a stay of discovery in the Civil Case. It simply makes no sense that proceeding on dispositive motions would prevent the illusory destruction of evidence claimed by Civil Counsel.

At bottom, Civil Counsel has failed to establish how a complete stay would prejudice Zaslavskiy in the Civil Case and/or the Criminal Case.

## CONCLUSION

The government respectfully requests that the Stay Motion be granted in its entirety.

Dated: Brooklyn, New York
January 17, 2018

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

/s/ Julia Nestor
Julia Nestor
Assistant U.S. Attorneys
(718) 254-6297

Cc: Clerk of the Court (RJD) (By ECF)
Mildred Whalen, Esq. (By E-mail)
Len Kamdang, Esq. (By E-mail)
William Mateja, Esq., Polsinelli PC (By ECF and E-mail)
Richard Levin, Esq., Polsinelli PC (By ECF and E-mail)
Jason Nagi, Esq., Polsinelli PC (By ECF and E-mail)
Jorge Tenreiro, Esq., SEC (By ECF and E-mail)