FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★   JAN 31 2018   ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
SECURITIES AND EXCHANGE
COMMISSION

               Plaintiffs,

          - against -

RECOIN GROUP FOUNDATION, LLC,
DRC WORLD. a/k/a DIAMOND RESERVE
CLUB, and MAKSIM ZASLAVSKIY

               Defendants.
------------------------------------------------------- x

**MEMORANDUM & ORDER**
17 CV 5725 (RJD)

DEARIE, District Judge

Having reviewed the parties' submissions [ECF Nos. 20 and 21] relating to the Government's Motion to Intervene and Stay Proceedings in this SEC action (the "Civil Case") [ECF No. 19], pending resolution of the parallel criminal case, United States v. Zaslavskiy, 17-CR-647 (RJD) (the "Criminal Case"), the Government's motion is granted in its entirety.

The Government's intervention in the Civil Case is appropriate as of right under Fed. R. Civ. P. 24(a)(2). See SEC v. Platinum Mgmt, 16-CV-6848 (DLI) (VMS), 2017 WL 2915365, at *2 (E.D.N.Y. July 7, 2017) (citing MasterCard Int'l, Inc. v. Visa Int'l Serv. Ass'n, 471 F.3d 377, 389 (2d Cir. 2006)) (explaining that intervention as of right is required when: "(1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties.") (internal quotation marks and citations omitted); see also SEC v. Cioffi, No. 08-CV-2457 (FB) (VVP), 2008 WL 4693320, at *2 (E.D.N.Y. Oct. 23, 2008) (finding U.S. Attorney's Office had

sufficient interest in the civil proceeding to justify intervention and citing SEC v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988): "the government ha[s] a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter") (internal quotation marks omitted); SEC v. Shkreli, 15-CV-175 (KAM) (RML), 2016 WL 1122029, at *2 (E.D.N.Y. Mar. 22, 2016) (explaining that while the SEC and government have some common interests, "the government is uniquely focused on the enforcement of criminal statutes") (citations omitted). Permissive intervention would also be proper under Fed. R. Civ. P. 24(b)(1). See Shkreli, 2016 WL 1122029, at *3 (finding permissive intervention appropriate and explaining that under Fed. R. Civ. P. 24(b)(1)(B), a trial court has discretion to "permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact") (internal quotation marks and citations omitted).

Having carefully considered the relevant Second Circuit authority, and having conducted a "particularized inquiry into the circumstances of, and the competing interests in" this case, the Court concludes that a stay of the Civil Case is warranted. See Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 99 (2d Cir. 2012) (outlining six-factor test that acts as a "rough guide" for district courts in determining whether to stay civil proceedings pending the outcome of a parallel criminal case: "1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.") (internal quotation marks and citations omitted).

Nonetheless, given their stated interest in the outcome of the Criminal Case, civil defendants will be notified of all filings made in the Criminal Case. Upon request, civil defendants will also be permitted to join in Mr. Zaslavskiy's briefing in the Criminal Case on the novel legal question of whether cryptocurrency qualifies as a security.

SO ORDERED.

Dated: Brooklyn, New York
January 30, 2018

s/ RJD
RAYMOND J. DEARIE
UNITED STATES DISTRICT JUDGE