

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

JORGE G. TENREIRO
TELEPHONE: (212) 336-9145
EMAIL: TENREIROJ@SEC.GOV

November 19, 2018

**VIA Electronic and Overnight Delivery**

Hon. Raymond J. Dearie
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    <u>SEC v. REcoin Group Foundation, LLC, et al., 17-CV-5725 (RJD)</u>

Dear Judge Dearie:

    Plaintiff Securities and Exchange Commission ("Commission") and Defendants Maksim Zaslavskiy ("Zaslavskiy"), REcoin Group Foundation, LLC ("REcoin"), and DRC World, Inc., a/k/a Diamond Reserve Club ("Diamond"), have reached a partial settlement in this action, subject to the Court's approval. The Commission respectfully submits a courtesy copy of the proposed judgments and of Zaslavskiy's, REcoin's, and Diamond's signed consents. If the proposed judgments are acceptable to the Court, we respectfully request that the Court docket executed copies of the judgments with the enclosed consents attached.

    The proposed judgments would resolve Defendants' liability in this action and all non-monetary relief the Commission seeks against Defendants. Specifically, the judgments would permanently enjoin Defendants from violating (1) Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder, and (2) Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act"), and would permanently bar Zaslavskiy from serving as an officer or director of any public company pursuant to Section 20(e) of the Securities Act and Section 21(d)(2) of the Exchange Act, and from participating in any offerings of digital securities.

    Because Defendant Zaslavskiy is currently scheduled to be sentenced in the related criminal case now pending before this Court, *United States v. Zaslavskiy*, No. 17 Cr. 647, and because it is likely that the outcome of that proceeding will impact the timing and amount of monetary relief the Commission will seek, the proposed judgments would not resolve the monetary relief the Commission seeks. Instead, the judgments would permit the Commission to

Hon. Raymond J. Dearie

November 19, 2018
Page 2

move for disgorgement, pre-judgment interest, and civil penalties against Defendants, or for these questions to be resolved between the parties, at a later date.

Finally, although this case was stayed at the request of the United States pending the solution of the parallel criminal case, I have contacted the Assistant United States Attorney representing the United States in the parallel action, who has indicated that the United States does not oppose the entry of the proposed consent judgments. Accordingly, the Commission respectfully requests that the Court approve the proposed consent judgments.

Respectfully submitted,

Jorge G. Tenreiro

Enclosures

cc: All Counsel (via ECF filing only)