

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF ENFORCEMENT

September 26, 2024

**Via ECF**
Honorable Raymond J. Dearie
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:  <u>SEC v. REcoin Group Foundation, LLC, et al.</u>, 17-CV-5725 (RJD) (E.D.N.Y.)

Dear Judge Dearie:

    Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this letter to seek approval of the enclosed, proposed consent final judgment as to Defendant Maksim Zaslavskiy ("Zaslavskiy"). If approved, the proposed consent judgment would resolve all the SEC's claims in this case against Zaslavskiy.[1]

    The final judgments would:

(1) permanently enjoin Zaslavskiy from violating Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and Sections 5(a), 5(c), and 17(a) of the Securities Act;

(2) permanently bar Zaslavskiy from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act or that is required to file reports pursuant to Section 15(d) of the Exchange Act;

(3) permanently bar Zaslavskiy from directly or indirectly participating in the issuance, offer, or sale of any crypto asset security; provided, however, that such injunction will not prevent him from purchasing or selling securities for his own personal accounts; and

(4) order Zaslavskiy to pay disgorgement in the amount of $17,244.24, that is deemed satisfied by the order of restitution against Zaslavskiy in the criminal action *United States v. Zaslavskiy*, 1:17-cr-00647 (RJD-RER) (E.D.N.Y.).

---

[1] On November 21, 2018, the Court issued partial consent Judgments against Defendants DRC World Inc. ("DRC") and REcoin Group Foundation LLC ("REcoin") (DE 28, 28-1), which left for later determination the imposition of monetary relief against those Defendants. DRC and REcoin are now defunct, and the SEC does not intend to pursue its remaining claims for monetary relief against them.

Hon. Raymond J. Dearie
September 26, 2024
P a g e | 2

The Court should approve the enclosed consent judgment because it is fair and reasonable and in the public interest. *See, e.g., SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285 (2d Cir. 2014) (setting out standard for reviewing proposed consent judgments in government enforcement actions).

Accordingly, the SEC respectfully requests that the Court approve the proposed final consent judgment as to Zaslavskiy and docket it with his signed consent.

                                      Respectfully submitted,

                                      */s/ Jack Kaufman*
                                      Jack Kaufman
                                      Supervisory Trial Counsel
                                      Division of Enforcement

cc:     Elena Gurevitch, Esq. (via email)
         *Counsel for Defendant Maksim Zaslavskiy*